UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM AVERY,<br>     Plaintiff<br>v.<br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for NetBank Business Finance,<br>     Defendant | Civil Action No. 15-150 (CKK) |

MEMORANDUM OPINION
(June 29, 2015)

Plaintiff William Avery filed suit in the D.C. Superior Court against the Federal Deposit Insurance Corporation as Receiver for NetBank Business Finance seeking to recover damages resulting from NetBank's allegedly fraudulent conduct in qualifying him for a loan and subsequently destroying evidence. Compl. ¶ 1a. Defendant removed the case to this Court. Notice of Removal, ECF No. 1. Presently before the Court is Defendant's [8] Motion to Dismiss Complaint, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to Rule 12(b)(1) and that the Complaint fails to state a claim under Rule 12(b)(6) because the claims are barred by the applicable statute of limitations, the claims are precluded by *res judicata* and collateral estoppel, and the Complaint fails to allege sufficient facts to state a plausible claim. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's [8] Motion to Dismiss. The Court concludes that it lacks subject matter jurisdiction to hear Plaintiff's claims because Plaintiff did not exhaust

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Motion to Dismiss Complaint ("Def.'s Mot."), ECF No. 8;
- Pl.'s Memorandum in Opposition to Def.'s Motion to Dismiss Compl. ("Pl.'s Opp'n"), ECF No. 15; and
- Def.'s Reply to Pl.'s Opp'n ("Def.'s Reply"), ECF No. 16.

his administrative remedies as required by the applicable statutory scheme, the Financial Institutions Reform, Recovery and Enforcement Act of 1989. Because the Court does not have jurisdiction over this action, the Court does not reach Defendant's alternative arguments for dismissal. The Court dismisses this case in its entirety.

## I. BACKGROUND

The origin of the dispute before the Court is a $40,000 loan issued to Plaintiff in November 2001 by a predecessor of NetBank. Compl., Ex. 3 at 30-32. Plaintiff agreed to repay the loan in sixty installments. *Id.* Plaintiff made eighteen payments on the loan before stopping payments. *Id.* at 31. NetBank sued Avery in D.C. Superior Court in May 2004 for non-payment of the loan, and Avery filed a counterclaim alleging fraud and breach of contract. Compl. ¶ 3b. After a bench trial, Judge John M. Campbell of the D.C. Superior Court entered judgment in favor of NetBank and against Avery on his Counterclaim on November 9, 2006. Compl., Ex. 3 at 32-33. After Avery filed numerous post-judgment filings in the Superior Court, the District of Columbia Court of Appeals affirmed the trial court's disposition on February 3, 2009, and subsequently rejected Avery's final appeal on December 17, 2012. Def.'s Mot., Ex. 1 at 1.

Meanwhile, the FDIC entered into receivership of NetBank on September 28, 2007. Def.'s Reply, Ex. 4. Avery received notice of the FDIC's status in an October 18, 2007, letter from the Office of Thrift Supervision, through which Plaintiff had pursued a complaint against NetBank. *See id.* The letter informed Avery that his complaint package had accordingly been forwarded to the FDIC and the letter contained the name, address, and telephone number of the FDIC officer who received the complaint package. *Id.* In addition, the FDIC published notice that the Corporation had entered into receivership of NetBank in the Wall Street Journal on October 4, 2007, November 3, 2007, and December 3, 2007. Def.'s Mot., Ex. 6. The notice

announced January 2, 2008 as the final date for claims against NetBank to be filed with the FDIC. On December 1, 2014, Plaintiff filed this case in the D.C. Superior Court, alleging that "verdict-changing" evidence would allow him to prove the fraud and breach of contract claims that he had brought as counter-claims in the original Superior Court action. *See* Compl. ¶ 1c. Defendant removed the case on January 29, 2015. Notice of Removal, ECF No. 1. Defendant moved to dismiss, and that motion is now before the Court.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court begins with the presumption that it does not have subject matter jurisdiction over a case. *Id.* To survive a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1106 (D.C. Cir. 2005). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a

12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.,* 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted).

### III. DISCUSSION

Defendant moves to dismiss arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims against it pursuant to Rule 12(b)(1). Because the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims as a result of Plaintiff's failure to exhaust administrative remedies, the Court does not reach Defendant's remaining arguments for dismissal.

Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") in 1989 in response to the savings and loan insolvency crisis to enable the Federal Deposit Insurance Corporation ("FDIC") "to expeditiously wind up the affairs of literally hundreds of failed financial institutions throughout the country." *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1398 (D.C. Cir. 1995). FIRREA establishes an exclusive administrative claims process for handling claims against banks in receivership with the FDIC. 12 U.S.C. § 1821(d)(3)-(13). The exclusive scheme covers "all claims and actions against, and actions seeking a determination of rights with respect to, the assets of failed financial institutions for which the FDIC serves as receiver, including debtors' claims." *Freeman*, 56 F.3d at 1402. FIRREA also includes a "broadly worded limitation on judicial review." *Westberg v. F.D.I.C.*, 741 F.3d 1301, 1303 (D.C. Cir. 2014) (citing 12 U.S.C. § 1821(d)(13(D)). "[A]djudication in district court" is only allowed after "administrative determination of 'any claim against a depository institution for which the [FDIC] is receiver.' " *Auction Co. of Am. v. F.D.I.C.*, 141 F.3d 1198, 1200 (D.C. Cir. 1998) (quoting 12 U.S.C. § 1821(d)(6)(A)(i)). These provisions of the statute establish "a 'standard exhaustion requirement' that 'routes claims through an administrative review process, and … withholds

judicial review unless and until claims are so routed.' " *Westberg*, 741 F.3d at 1303 (quoting *Am. Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1141 (D.C. Cir. 2011)). This exhaustion requirement is jurisdictional. *See id*.

Defendant argues that Avery "did not file an administrative claim" and therefore "he has forfeited his right to bring claims against the failed bank." Def.'s Mot. at 8. The Court agrees. All of Avery's claims in this action—specifically, his claims for fraud and breach of contract with respect to NetBank—fall within the exclusive remedial scheme established by FIRREA. *See Freeman*, 56 F.3d at 1402 (exclusive scheme covers "all claims and actions against, and actions seeking a determination of rights with respect to, the assets of failed financial institutions for which the FDIC serves as receiver, including debtors' claims"). Plaintiff long ago received notice that NetBank was in FDIC receivership. *See* Def.'s Reply, Ex. 4 (October 18, 2007, letter to Avery from the Office of Thrift Supervision informing him that NetBank has gone into receivership). Yet, it is uncontroverted that Plaintiff has never filed an administrative claim with the FDIC. Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.

Although Plaintiff never explicitly responds to Defendant's argument that this Court lacks subject matter jurisdiction over the case, Plaintiff presents two arguments that plausibly pertain to the jurisdictional grounds for dismissing this case under Rule 12(b)(1).[2] The Court

---

[2] Avery also argues that is within the Court's discretion to refrain from considering facts outside the Complaint—specifically regarding notice that NetBank was under the receivership of the FDIC. However, the cases to which Plaintiff cites are inapposite as they pertain to motions to dismiss under Rule 12(b)(6) for failure to state a claim. Because the Court resolves the motion on jurisdictional grounds—concluding that it has no subject matter jurisdiction—the Court may consider relevant facts in the record. *See Coal. for Underground Expansion*, 333 F.3d at 198.

addresses them here.[3] Plaintiff first argues that he did not receive notice of the appointment of the FDIC as Receiver. Pl.'s Opp'n at 5-6. Therefore, he argues that he is eligible to file a late claim under the late claims provision of FIRREA. *See* 12 U.S.C. § 1821(d)(5)(C) (allowing the FDIC to consider claims after the applicable deadline if "the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date" *and* if "such claim is filed in time to permit payment of such claim"). However, this provision only allows late filing of an *administrative* claim and does not allow an independent action in this Court. Because Plaintiff has never filed such a claim—before or after the applicable deadline—the jurisdictional exhaustion provision of FIRREA bars this action. *See Westberg*, 741 F.3d at 1303. In addition, as noted above, the record reflects that, as of October 2007, Plaintiff did have notice that NetBank was under FDIC receivership. *See* Def.'s Reply, Ex. 4. Avery next argues that his ongoing litigation with NetBank at the time the FDIC entered into receivership of the bank tolls the time period to bring a claim. Pl.'s Opp'n at 2-3. Again, even if the prior litigation were grounds to toll the time period for the Court to review a determination by the FDIC of an administrative claim under section 1821(d)(3)(B), the Court has no jurisdiction because Plaintiff never filed an administrative claim with the FDIC. Moreover, equitable tolling cannot provide the Court jurisdiction over a claim where none otherwise exists. *Cf. United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015) (equitable tolling unavailable for jurisdictional time bars).

In sum, as Avery has never filed an administrative claim with the FDIC, the Court lacks subject matter jurisdiction to consider his claims as a result of the exclusive remedial scheme of FIRREA. Finally, Avery argues, in the alternative, that this Court should remand his case to the

---

[3] Insofar as Plaintiff's arguments pertain to Defendant's non-jurisdictional arguments for dismissal, the Court has no occasion to consider them because there is no subject matter jurisdiction in the first instance.

FDIC for administrative review of his claims. Pl.'s Opp'n at 8. However, he does not point to any provision of FIRREA that would allow the Court to take such an action. Because the Court lacks subject matter jurisdiction over this action, it has no power to remand this case to the FDIC.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, Defendant's [8] Motion to Dismiss Complaint is GRANTED.

An appropriate Order accompanies this Memorandum Opinion.

Dated: June 29, 2015

                                                    /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge