UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM AVERY,<br>　　　Plaintiff<br><br>　　　v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, as receiver for NetBank<br>Business Finance,<br>　　　Defendant | Civil Action No. 15-150 (CKK) |

**MEMORANDUM OPINION and ORDER**
(August 5, 2015)

On June 29, 2015, the Court dismissed this action for lack of subject matter jurisdiction. *See* ECF Nos. 18-19. Subsequently, Plaintiff, *pro se*, filed two documents with the Court, which the Court granted leave to file although counsel of record is still listed on the docket. *See* ECF Nos. 20-21.

With respect to the document dated July 20, 2015, ECF No. 20, it does not address the jurisdictional grounds on which the Court dismissed this action. Accordingly, the Court need not address it further.

With respect to the document dated July 22, 2015, ECF No. 21, Plaintiff does purport to address the jurisdictional grounds on which the Court dismissed this action. *See* Mem. Opinion, ECF No. 19 (dismissing for lack of subject matter jurisdiction). The Court, therefore, will treat the filing as a motion to alter or amend the judgment under Rule 59(e) and a motion for relief from the judgment under Rule 60(b). Insofar as that filing is construed as such a motion, for the reasons stated below, that motion is DENIED.

Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n.5 (2008) (citation omitted).

Plaintiff does not identify any new evidence or any intervening change of controlling law. Instead, Plaintiff points to a letter from the Office of Thrift Supervision, dated

October 18, 2007, stating that NetBank was under receivership and reporting that it had forwarded Plaintiff's complaint to the FDIC Ombudsman. Plaintiff also points to a follow-up letter he sent to the FDIC Ombudsman on January 18, 2008. First, of all, it clear that this document was in Plaintiff's possession during the prior proceedings in this case, and Plaintiff cannot claim that this is new evidence. Moreover, these documents explicitly contradict Plaintiff's statements earlier in this proceedings that he did not receive notice of the receivership and that the failure to receive notice justifies relief at this time. *See* Pl.'s Opp'n, ECF No. 15, at 4-5. In addition, the Court notes that it is unclear whether the correspondence that Plaintiff reports would satisfy the statutory requirements to file a claim with the FDIC. *See* 12 U.S.C. § 1812(d). In sum, Plaintiff does not satisfy any of the criteria for relief under Rule 59(e). Accordingly, this is far from a situation that would give cause for the Court to exercise its discretion to grant relief from the judgment pursuant to Rule 59(e).

In comparison to the standard under Rule 59(e), "[t]he standards governing Rule 60(b) are even more restrictive." *Kline v. Archuleta*, No. CV 10-1802 (RCL), 2015 WL 4064941, at *1 (D.D.C. July 1, 2015). "[I]n most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment, which permits relief when a party demonstrates fraud, mistake, extraordinary circumstances, or other enumerated situations." *Uberoi v. E.E.O.C.*, 271 F. Supp. 2d 1, 2-3 (D.D.C. 2002). For the same reasons as the Court denies Plaintiff's motion under Rule 59(e), it also denies Plaintiff's motion under Rule 60(b). The Court notes only Plaintiff cannot identify any fraud that supported this Court's conclusion that it cannot exercise jurisdiction over this case; any fraud that Plaintiff alleges with respect to the previous Superior Court proceedings or with respect to underlying actions of NetBank is immaterial with respect to the pending request and does not justify relief from the judgment in this case. Although Plaintiff now claims that the Court is mistaken whether he submitted any filings with the FDIC, the Court's conclusion was consistent with Plaintiff's previous representations. Any failure to make the Court aware of documents within Plaintiff's possession lies at Plaintiff's doorstop and does not satisfy the requirements of Rule 60(b). Plaintiff does not satisfy any of the several criteria for relief under this rule.

For all of these reasons, insofar as Plaintiffs' July 22, 2015, filing is construed as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from the judgment under Rule 60(b), it is hereby **ORDERED** that the motion is DENIED.

It is further **ORDERED** that the Clerk of the Court shall mail a copy of this order to Plaintiff at the following address:

> Dr. William Avery
> 4244 Benning Rd., N.E.
> Washington, D.C. 20019

**SO ORDERED.**

*This is a final, appealable order.*

                                                               /s/  
                                            COLLEEN KOLLAR-KOTELLY  
                                            United States District Judge